**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

WHITNEY K. BRAWLEY,

       Plaintiff,

v.

BUGS-OR-US PEST ELIMINATION
SERVICE, INC.,
A Florida Corporation and
JOHN CARLTON, Individually, and
BARRY COHEN, Individually

       Defendants.
_____/


**Complaint for Damages and Equitable Relief-Jury Trial Demanded**


Plaintiff, Whitney K. Brawley, sues Defendant, Bugs-Or-Us-Pest Elimination Service,

Inc., a Florida Corporation, and John Carlton, Individually, and Barry Cohen,

Individually, and as grounds shows:


**Introduction**

1.      This is a sex discrimination and retaliation action brought by plaintiff,

      Whitney K. Brawley, a female employee working at a male-dominated pest

      control company, against ***One***, the pest control company, Bugs-Or-Us-

      Pest Elimination Service, Inc.,  where there was a sexual harassment and

      retaliation problem;  ***Two,*** the harasser, Owner John "Jack" Carlton, who,

      without asking her permission or giving her any warning, and without

having received any indication that she had any sexual interest in him whatsoever, which she did not, sexually harassed and battered her, subjected her to reprisal and punished her for refusing his sexual advances, culminating in firing her; and **Three,** the harasser's business partner, Owner Barry Cohen, who worked with the harasser, observed the harassment and did not take remedial action even after she complained.

Plaintiff sues for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Chapter 760, FLA. STAT. ("FCRA"), as well as for retaliation for adverse actions taken because of her protected activity. She also sues Bugs-Or-Us and Cohen for negligent supervision and retention, and Bugs-Or-Us and Carlton for battery.

Plaintiff sues for all available legal and equitable relief, along with costs, including reasonable attorney's fees, pursuant to the Title VII and the FCRA.

## Jurisdiction

2.    This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), as well as 42 U.S.C. § 2000e-5(f)(3). The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear plaintiff's state law claims.

## Venue

3.    Venue is proper in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose here, and the defendants are subject to personal jurisdiction here.

**<u>Parties</u>**

4.    Plaintiff, Whitney K. Brawley, was at all material times prior to her termination, a Receptionist and then Office Manager employed by Bugs-Or-Us.

5.    Further,

a.    plaintiff is protected by Title VII and the FCRA because  she is female;

b.    plaintiff is protected by Title VII and that FCRA because she complained about or opposed what she reasonably perceived to be sex discrimination, including by filing a discrimination chare with the EEOC and the FCHR.

c.    Defendant, Bugs-Or-Us, at all times material was a Florida corporation doing business in Florida. It is an "employer" as defined by 42 U.S.C. § 2000e(b) and § 760.07(7),  FLA. STAT.

6.    Defendant, John "Jack" Carlton, is a resident of Lee County, Florida, who supervised plaintiff and the staff where Plaintiff worked.

7.    At all times material, Jack Carlton was:

a.    A part-Owner and/or agent of Bugs-Or-Us and was assisted in accomplishing the actions complained of herein by virtue of the employer/employee or principal/agent relationship.

8.     Defendant, Barry Cohen, is a resident of Lee County, Florida, who supervised the staff where Plaintiff worked.

9.     At all times material, Barry Cohen was:

a.     A part-Owner and/or agent of Bugs-Or-Us and was assisted in

accomplishing the actions complained of herein by virtue of the

employer/employee or principal/agent relationship.

### Conditions Precedent

10.    Plaintiff, on or about August 31, 2018, filed charges of discrimination

against Bugs-Or-Us Inc. with the Equal Employment Opportunity

Commission ("EEOC") and the Florida Commission on Human Rights

("FCHR") alleging sex discrimination  and retaliation. The charges

allege, in pertinent part:

". . .Mine is a "pattern and practice" and "continuing violation" of sex
   discrimination, including sexual harassment.  Mr. Carlton, company
   Owner, subjected me to hostile working environment sexual harassment
   and "quid pro quo" sexual harassment.  Mr. Carlton engaged in sexually
   charged talk at work.  He spoke to me in a sexually charged fashion.  He
   also spoke openly in the workplace about others in a sexually charged and
   inappropriate manner.  For example, he was preoccupied with the wives
   and girlfriends of men who are employed by the company-and spoke
   about them in a sexual and inappropriate fashion.  Carlton also engaged
   in sexual banter and sexual touching with me and other members of the
   work force, which I witnessed. I was embarrassed and offended by these
   discriminatory, harassing behaviors.  I asked him to stop.  I let him know
   by my body language that the conduct was unwelcome.  I walked away
   and took other similar actions to evade and dissuade his sexually
   harassing behavior, to no avail.  The discrimination continued…"

". . .Mr. Carlton made sexually suggestive remarks to me.  He has grabbed my
   breasts and buttocks.  He would unzip my pants.  He would also unzip his
   pants-sometimes with his daughter Alexi Carlton present.  Alexi was also
   employed in the office.  I would pull away from him and repeatedly state,
   with disgust "Are we done here?"-to no avail.  I asked to be dismissed.
   Mr. Carlton would hesitate and say "Yeah, unless you want to [engage in
   fellatio]-he actually employed crude slang. ". I was embarrassed and
   offended... "

". . .Mr. Cohen was present when Mr. Carlton engaged in many incidences of
sexual harassment with me and other employees, and took no remedial
action. . ."

". . .After I opposed Mr. Carlton's sexual harassment, along with employees Elwin
Gonzalez and John Bravo-and Mr. Carlton repeatedly declined to take any
remedial action- Mr. Carlton fired me and Mr. Gonzalez on April 1, 2018. . ."

11.     Over 180 days have passed without the FCHR either conciliating
        plaintiff's claims or making a finding of no-cause against her, giving
        plaintiff the right to bring a civil action on those claims.

12.     On June 21, 2019, the EEOC issued a notice of right to sue with
        respect to the charge of discrimination filed regarding Bugs-Or-Us,
        copy attached.

13.     Within 90 days of her receipt of the charges of discrimination, plaintiff
        filed this action.

14.     All conditions precedent to this action have been satisfied and/or
        waived.

## General Allegations

15.      In 2011, plaintiff began to work for Bugs-Or-Us as a Receptionist.

16.     Part Owner Jack Carlton supervised the plaintiff and the entire staff at the
        workplace where plaintiff reported to work.

17.      Part Owner Barry Cohen also supervised the plaintiff and other staff.

18.     Bugs-Or-Us suddenly re-assigned plaintiff from Receptionist to Office
        Manager in 2011 very shortly after her hire to replace a female Office
        Manager when they left abruptly alleging sexual harassment.

19.   Plaintiff received brief Office Manager position by a female attorney representing Bugs-Or-Us who was present on site at the workplace after the previous female Office Manager departed, and who eventually left.

20.   Carlton directed plaintiff to send copious quantities of the children's gummy candy "Krabby Patties" to the aforementioned female attorney. The attorney contacted plaintiff, opposed the gift as unwelcome and inappropriate and directed plaintiff to have Carlton cease sending the candy.

21.   While working, plaintiff was subjected to a hostile work environment based on her sex.

22.   For example, while she was working, Carlton grabbed and/or touched plaintiff's breasts and buttocks without her consent.

23.   Carlton inserted company checks payable to vendors and various third parties down the front of his pants and directed plaintiff to put her hands down the front of his pants to retrieve the check and pay the respective party(ies).

24.   Carlton unzipped plaintiff's pants without her consent.

25.   Carlton unzipped his own pants in plaintiff's presence, sometimes after first unzipping plaintiff's pants without her consent.

26.    Carlton asked plaintiff to engage in fellatio with him, employing crude slang.

27.   Carlton required plaintiff to come to his home as part of her job duties, greeted her at the door wearing undershorts and asked plaintiff to embrace him.

28.   Carlton displayed photos of the wives and sisters of various employees in his home, boasted he sent them greeting cards including sexually suggestive remarks and made salacious remarks about these women to plaintiff and to others.

29.   Carlton spoke about plaintiff's breasts in an unwelcome, sexually charged manner to the male staff and third parties.

30.   Carlton came into the workplace unclothed, in one instance addressing the staff wearing nothing but a diaper with a beer bottle tucked into the waist and a cap/bonnet, in a vulgar approximation of an infant, and spoke to the male staff about plaintiff's breasts and remarked on the breasts of their wives, sisters and girlfriends.

31.   Plaintiff witnessed Carlton sexually harass male employees Elwin Gonzalez, Technician IV and licensed Termite Pest Control Operator, and Johnathan Bravo, Certified Pest Control Operator, creating a hostile work environment for plaintiff.

32.   Plaintiff witnessed Carlton commit sexual battery against Gonzalez, where Carlton rubbed his pelvis against Mr. Gonzalez-as if to rub his genitals against Gonzalez, creating a hostile work environment for plaintiff. Gonzalez demanded that Carlton stop, but he did not.

33. Carlton employed sexually charged language in the workplace in plaintiff's presence, including but not limited to routinely referring to his employee daughter, Alexi Carlton, as a "slut" in Ms. Carlton's presence, creating a sexually hostile and offensive work environment for plaintiff.

34. Plaintiff was embarrassed and offended.

35. Carlton knew his behavior was unwelcome and offensive because plaintiff told him to stop it.

36. Carlton knew his behavior was unwelcome and offensive because plaintiff delivered a message from his female attorney to stop.

37. Carlton knew his behavior was unwelcome and offensive because he would behave in an effusively "nice" manner toward the plaintiff after an episode in an apparent attempt to cure his bad behavior.

38. Carlton knew his behavior was unwelcome and offensive because after engaging in sexual harassment, it was his habit to remark "you caused it to happen."

39. Carlton knew his behavior was unwelcome and offensive because Bravo, Gonzalez and others told him to stop it.

40. Plaintiff opposed Carlton's behavior directly to Carlton the first time it occurred, but he declined to curb the behavior.

41. Plaintiff asked Mary Beth Anders, the company Accountant with whom she worked closely, about some of Carlton's unusual business practices and instructions, but the situation was not corrected.

42. Plaintiff also complained about Carlton's sexual harassment to the Bugs-Or-Us female attorney, but again the situation was not corrected.

43.   Shortly afterwards, Carlton continued to sexually harass plaintiff and subsequently touched Plaintiff again, in the presence of Barry Cohen, Part Owner, who told plaintiff that he saw Carlton touch her and sexually harass her. Plaintiff complained to Cohen, and he took no remedial action, ratifying Carlton's discriminatory behavior.

44.   After plaintiff's report to Cohen, plaintiff was sent back to work with no indication that anything would be done to adequately remedy what Carlton had done or to improve the situation.

45.   Thereafter, Barry Cohen gave the plaintiff what he termed a "bonus check" in an amount large enough for plaintiff to purchase some property behind her home she spoke openly of having an interest in purchasing.  Plaintiff returned the check to Cohen.

46.   After plaintiff's initial and subsequent complaints, Carlton was permitted to continue to work with plaintiff at the office, permitted to continue to require plaintiff to come to his home and permitted to continue to interact with plaintiff.

47.   After Plaintiff opposed Carlton's sexual harassment and her opposition was joined by employees Elwin Gonzalez and John Bravo, and Carlton and Cohen repeatedly declined to take any remedial action, Carlton fired the plaintiff and Gonzalez on April 1, 2018.

48.   Carlton fired Bravo about one week later on April 11, 2018.

49.     After Carlton fired plaintiff, he alleged plaintiff "stole" from him.  Carlton told plaintiff that she could remain in his employ while he "investigated" her supposed theft.  Plaintiff declined to do so.

50.     Carlton continued to retaliate against plaintiff after he fired her.  Carlton stopped payment on plaintiff's last paycheck, provided a negative reference for plaintiff and interfered with plaintiff's subsequent employment.

51.   Carlton initiated a criminal prosecution action against plaintiff for alleged theft-an act of reprisal.

52.   The actions of the defendants detrimentally affected plaintiff in the compensation, terms, conditions and privileges of employment.

53.   The violation of plaintiff's federally and statutorily protected right to be free of illegal discrimination constitutes irreparable harm for which plaintiff has no adequate remedy at law entitling plaintiff to injunctive relief.

### Count I - Title VII Quid Pro Quo and Hostile Environment Discrimination
### Re: Bugs-Or-Us Pest Elimination Service, Inc.

54.   Plaintiff realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-10; 12; 14-39; 46-48; and 52-53 above.

55.   42 U.S.C. § 2000e-2(a) provides, in pertinent part:

It is an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's ... sex ...

56.   42 U.S.C. § 2000e-2(b) provides, in pertinent part:

It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his ... sex ...

57.   The acts, as more particularly alleged above, violated Plaintiff's rights against sex discrimination under Title VII.

58.   The unwelcome sexual overtures and/or touching experienced by plaintiff, were objectively offensive, severe and pervasive enough to alter the terms and conditions of plaintiff's employment and were perceived by plaintiff as being such.

59.   Motivated by gender bias, Carlton conditioned plaintiff's career advancement and continued employment on plaintiff's acceptance or rejection of his sexual advances and was perceived by plaintiff as being such.

60.   Bugs-Or-Us employed plaintiff and is liable for the actions taken against plaintiff by its agents and Owners Carlton and Cohen.

61.   Bugs-Or-Us failed to prevent and/or remedy the harassment of plaintiff by Carlton, the individual whom it failed to adequately supervise and allowed to continue to work with and harass plaintiff even after she complained.

62.   Defendant, notwithstanding both its actual and constructive knowledge of Carlton's behavior, failed to exercise reasonable care

to prevent and correct promptly the harassment, and failed to
provide an effective policy against the harassment.

63.    As a direct, natural, proximate and foreseeable result of the actions of
defendant, plaintiff has suffered past and future pecuniary losses,
emotional pain, suffering, inconvenience, mental anguish, loss of
enjoyment of life, and other nonpecuniary losses.

64.    The discrimination that plaintiff is suffering, in violation of her
statutory right to be free of such discrimination, constitutes
irreparable harm for which there is no adequate remedy at law.

65.    The discrimination against plaintiff, of which defendant's higher
management was aware and which it ratified, was in such reckless
disregard of plaintiff's statutory rights against discrimination as to entitle
plaintiff to an award of punitive damages against defendant to punish it
and to dissuade such conduct in the future.

66.    Plaintiff is entitled to recover reasonable attorney's fees and litigation
expenses against defendant pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff prays that this court will:

*One*, issue a declaratory judgment that defendant's practices towards plaintiff
violate plaintiff's rights against sex discrimination under Title VII;

*Two*, enjoin defendant, its management employees and/or agents to cease
discriminating against plaintiff, to make her whole through
reinstatement, or, if that is not practical, through an award of front pay;

***Three***, enter a judgment for plaintiff and against defendant for damages, including compensatory and punitive damages;

> ***Four***, grant plaintiff her costs and a reasonable award of attorney's fees
>
> pursuant to 42 U.S.C. § 2000e-5(k); and

> ***Five***, grant plaintiff such other and further relief as the circumstances and law
>
> require and/or provide.

### Count II - FCRA Quid Pro Quo and Hostile Environment
### Re: Bugs-Or-Us Elimination Service, Inc.

67.   Plaintiff realleges and adopts, as if fully set forth in this Count, all of

the allegations in ¶¶ 1-11, 14-39; 46-48; and 53 above.

68.   Section 760.10(1), FLA. STAT., provides in pertinent part: It is an

unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to
discriminate against any individual with respect to compensation,
terms, conditions, or privileges of employment, because of such
individual's ... sex...

69.   Section 760.10(2), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employment agency to fail or
refuse to refer for employment, or otherwise to discriminate against, any
individual because of ... sex...

70.   The acts, as more particularly alleged above, violated plaintiff's rights

against sex discrimination under the FCRA.

71.   The unwelcome sexual overtures and/or touching experienced by

plaintiff, were objectively offensive, severe and pervasive enough to ar

the terms and conditions of plaintiff's employment and were perceived by plaintiff as being such.

72. Motivated by gender bias, Carlton conditioned plaintiff's career advancement and continued employment on plaintiff's acceptance or rejection of his sexual advances and was perceived by plaintiff as being such.

73. Bugs-Or-Us is liable for the actions taken against plaintiff.

74. Bugs-Or-Us failed to prevent and/or remedy the harassment of plaintiff by Carlton, the individual it failed to adequately supervise and allowed to continue to work with and harass plaintiff even after she complained.

75. Defendant, notwithstanding both its actual and constructive knowledge of Carlton's behavior, failed to exercise reasonable care to prevent and correct promptly the harassment and failed to provide an effective policy against the harassment.

76. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

77. The discrimination that plaintiff is suffering, in violation of her statutory right to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

78. The discrimination against plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless

disregard of plaintiff's statutory rights against discrimination as to entitle

plaintiff to an award of punitive damages against defendant to punish it

and to dissuade such conduct in the future.

79.    Plaintiff is entitled to recover reasonable attorney's fees and litigation

expenses against defendant pursuant to § 760.11(5), FLA. STAT.

WHEREFORE, plaintiff prays that this court will:

*One*, issue a declaratory judgment that defendant's practices towards plaintiff

violate plaintiff's rights against sex discrimination under the FCRA;

*Two*, enjoin defendant, its management employees and/or agents to cease

discriminating against plaintiff, to make her whole through

reinstatement, or, if that is not practical, through an award of front pay;

*Three*, enter a judgment for plaintiff and against defendant for

damages, including compensatory and punitive damages;

*Four*, grant plaintiff her costs and a reasonable award of attorney's fees

pursuant to the § 760.11(5), FLA. STAT.; and

*Five*, grant plaintiff such other and further relief as the circumstances and law

require and/or provide.

### Count III - Title VII Retaliation
### Re: Bugs-Or-Us Pest Elimination Service, Inc.

80.    Plaintiff realleges and adopts, as if fully set forth in this Count, all of

the allegations in ¶¶ 1-10; 12; 14-39; and 46-53 above.

81.    42 U.S.C. § 2000e-3 provides, in pertinent part

(a) It shall be an unlawful employment practice for an employer to
discriminate against any of his employees or applicants for
employment, for an employment agency . . . to discriminated against

15

any individual . . .  because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

82.     The reporting of sexual harassment and battery to defendants is

statutorily protected expression under Title VII.

83.     The adverse actions of the defendant, including its termination of

plaintiff, violated plaintiff's rights against retaliation for complaining about

or opposing discrimination, which retaliation is proscribed by Title VII.

84.     The conduct of defendant and its agents, proximately, directly, and

foreseeably injured plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other

non- pecuniary losses.

85.     The discrimination against plaintiff, of which defendant's higher

management was aware and which it ratified, was in such reckless

disregard of plaintiff's statutory rights against discrimination as to

entitle

plaintiff to an award of punitive damages against defendant to punish it and to

dissuade such conduct in the future.

86.     Plaintiff is entitled to recover reasonable attorney's fees and litigation

expenses against defendant pursuant to 42 U.S.C. § 2000e-5(k).

87.     Plaintiff has no plain, adequate or complete remedy at law for the

actions of defendant, which have caused, and continue to cause,

plaintiff irreparable harm.

WHEREFORE, plaintiff prays that this court will:

*One*, issue a declaratory judgment that defendant's practices towards plaintiff

violate plaintiff's rights against retaliation under Title VII;

*Two*, enjoin defendant, its management employees and/or agents to cease

discriminating against plaintiff, to make her whole through

reinstatement, or, if that is not practical, through an award of front pay;

*Three*, enter a judgment for plaintiff and against defendant for

damages, including compensatory and punitive damages;

*Four*, grant plaintiff her costs and a reasonable award of attorney's fees

pursuant to 42 U.S.C. § 2000e-5(k); and

*Five*, grant plaintiff such other and further relief as the circumstances and law

require and/or provide.

## Count IV - FCRA Retaliation
## Re: Bugs-Or-Us Pest Elimination Service, Inc.

88.    Plaintiff realleges and adopts, as if fully set forth in this Count, all of

the allegations in ¶¶ 1-11; 14-39; and 46-53 above.

89.    Section 760.10(7), FLA. STAT., provides, in pertinent part:

> It is an unlawful employment practice for an employer, an
> employment agency . . . to discriminate against any person
> because that person has opposed any practice which is an
> unlawful employment practice under this section, or because that
> person has made a charge, testified, assisted, or participated in
> any manner in an investigation, proceeding or hearing under this
> section.

90.    The reporting of sexual harassment and battery to defendants is

statutorily protected expression under the FCRA.

91.   The adverse actions of the defendant, including its ratification of plaintiff's termination, violated plaintiff's rights against retaliation for complaining about or opposing discrimination, which retaliation is proscribed by the FCRA.

92.   The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses.

93.   The discrimination against plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of plaintiff's statutory rights against discrimination as to entitle plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

94.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

95.   Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff prays that this court will:

*One*, issue a declaratory judgment that defendant's practices towards Plaintiff violate Plaintiff's rights against retaliation under the FCRA;

*Two*, enjoin defendant, its management employees and/or agents to cease

discriminating against plaintiff, to make her whole through

reinstatement, or, if that is not practical, through an award of front pay;

*Three*, enter a judgment for plaintiff and against defendant for

damages, including compensatory and punitive damages;

*Four*, grant plaintiff her costs and a reasonable award of attorney's fees

pursuant to the § 760.11(5), FLA. STAT.; and

*Five*, grant plaintiff such other and further relief as the circumstances and law

require and/or provide.

## Count V - Battery
## Re: Carlton and Bugs-Or-Us Pest Elimination Service, Inc.

96.     Plaintiff re-alleges and adopts, as if fully set forth in this Count, the

allegations of ¶¶ 1-9; 14-17; 22-25; 27; 32; 41; 47-48 and 52 above.

97.     The incidents more particularly described above constituted the actual,

intentional and offensive touching of plaintiff against her will and,

therefore, a battery upon plaintiff.

98.     The actions of Carlton, Bugs-Or-Us, Inc's half Owner and supervisor at

the worksite, were willful, wanton, intentional and evidenced a complete

disregard for the rights of plaintiff.

99.     Bugs-Or-Us either ratified Carlton's actions and/or were at fault in its

supervision and/or retention of Carlton and/or in its duty to provide a

secure avenue through which plaintiff could complain to stop such

unwelcome and offensive behavior. Thus, plaintiff reserves the right to

amend this complaint to assert a claim for punitive damages

100. As a direct, natural and proximate result of the actions of Carlton, and Bugs-Or-Us through Carlton, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, plaintiff prays for judgment against defendants, Bugs-Or-Us and Carlton, jointly and severally, for damages, her costs and such other and further relief as may be just.

**Count VI - Negligent Supervision and Retention**
**Re: Bugs-Or-Us Pest Elimination Service, Inc. and Mr. Cohen**

101. Plaintiff re-alleges and adopts, as if fully set forth in this Count, the allegations of paragraphs ¶¶ 1-9; 14-17; 43-48; and 52 above.

102. Bugs-Or-Us and Cohen had actual knowledge that Carlton had a propensity to touch plaintiff inappropriately and proposition her for sexual favors.

103. Particularly, after plaintiff reported the first incident of inappropriate touching to defendants, Carlton was not removed from the worksite and from otherwise interacting with Plaintiff. Instead, Carlton was allowed to remain at the worksite and permitted to continue to interact with plaintiff.

104. Carlton became emboldened after defendants took no action to remove him from the worksite or to limit his interaction with plaintiff, and he repeated his behavior of touching plaintiff inappropriately and propositioning her for sexual favors.

105. Bugs-Or-Us's and Cohen's retention and lack of supervision of Carlton was negligent because they failed to exercise due care that a

reasonable employer would have exercised in light of their actual and/or constructive knowledge of Carlton's prior unwanted and offensive battery and conduct towards plaintiff.

106. Defendants' negligence caused plaintiff damages as more particularly described above.

WHEREFORE, plaintiff prays for judgment against defendants, Bugs-Or-Us, Inc. for damages, her costs and such other and further relief as may be just.

## Jury Demand

Plaintiff, Whitney K. Brawley, demands trial by jury on all issues so triable.

Dated:  August 1, 2019

Respectfully submitted,

/s/ Geralyn F. Noonan, Esquire

Geralyn F. Noonan, Esquire
P.O. Box 07338
Fort Myers, Florida 33919-0338
Phone:  239-694-7070
Fax:  239-481-0993
Florida Bar No.:  0968020
*Attorney for Plaintiff*